FILED IN
COURT OF CRIMINAL APPEALS

September 21, 2015

ABEL ACOSTA, CLERK

PD-1067-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/18/2015 4:58:54 PM
Accepted 9/21/2015 7:56:17 AM
ABEL ACOSTA
CLERK

NO. PD-1067-15

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

**EX PARTE JAMES RICHARD "RICK" PERRY,**
**Appellant**

_____

On Appeal From The 390th Judicial District Court,
Travis County, Texas, Cause No. D-1-DC-14-100139

_____

**APPELLANT'S RESPONSE OPPOSING THE**
**"STATE'S MOTION TO STAY TRIAL COURT PROCEEDINGS"**

_____

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

COMES NOW Appellant, James Richard "Rick" Perry (Governor Perry), and presents this Response Opposing the State's Motion to Stay Trial Court Proceedings, and would respectfully show this Honorable Court the following:

**I.**

Both Governor Perry and the State Prosecuting Attorney have previously filed petitions for discretionary review from the opinion of the Third Court of Appeals. On September 17, 2015, the attorney pro tem submitted a motion to stay all trial court proceedings until this Court resolves the petitions. Governor Perry vigorously opposes such further, unnecessary delay. For the reasons stated below, he urges that

this motion be denied.

While this Court undoubtedly has the power to stay any trial prior to its resolution of the pending petitions for discretionary review, neither party has yet requested a trial setting, and no trial date has yet been set by the trial court. Thus, to the extent the State seeks a stay of an actual trial, its motion is not ripe. Indeed, if the trial court were to set this matter for trial while either of the petitions for discretionary review were still pending in this Court, Governor Perry would join the State in seeking a stay, or would seek a stay on his own if the State altered its position.

But the State, of course, seeks more than just a stay of the trial itself — it wants to say all pretrial proceedings as well. This is a new position for the State, which has previously claimed that it wanted to proceed to trial regardless of any ongoing proceedings in higher courts.

When Governor Perry advised the trial court on February 3, 2015, that he wished to prepare for trial while he sought appellate review of the trial court's order denying his writ of habeas corpus, and that he would seek a stay only in the event that the appellate courts had not resolved his appeal prior to the commencement of a trial, *see* 3RR at 1-2 (i.e., reporter's record, volume 3 on appeal, dated February 3, 2015), the State represented that "we're ready to go to trial" and "*we don't want a stay*." *Id*.

2

at 15 (emphasis added).[1] The State's current position is entirely inconsistent with its previous representations to the trial court.[2]

Furthermore, the trial court's position has been consistent with Governor Perry's, not with the State's, either then or now. When Governor Perry's counsel noted that production of grand jury materials[3] was essential to the preparation of a motion to suppress, *id*. at 3-9, the trial court responded that "the discovery can proceed," but "I'm not inclined to do anything on the grand jury testimony right now." *Id*. at 14.

---

[1] While the State represented at that hearing that "we'll comply with the discovery issues, which, frankly, we already have," *id*. at 15, the State has yet to provide any exculpatory information reflected in any interview notes, witness statements, or grand jury testimony. Similarly, the State has yet to provide information as to which witnesses, if any, testified to matters before the grand jury that are arguably subject to Speech and Debate Clause objections. This type of information is necessary before Governor Perry's counsel can prepare and file a motion to suppress information/evidence protected by the Speech or Debate Clause. Accordingly, it would appear that the State is also seeking to further delay any compliance with its statutory and constitutional duties to provide exculpatory information to Governor Perry. There is most certainly no legal justification proffered by the State for this Court to preclude the trial court from overseeing discovery and ensuring that the Michael Morton Act is finally complied with by the State.

[2] As reflected by two supplemental clerks records filed directly with this Court on September 1 and September 8, 2015, the State filed two virtually identical motions to stay proceedings with the trial court on August 31, 2015 and September 1, 2015. Governor Perry filed his objections to those motions in the trial court on September 2, 2015.

[3] Governor Perry filed two motions in October 2014 seeking production of and/or *in camera*, *ex parte* inspection of grand jury materials. *See* "Opposed Motion For Immediate Transcription Of Grand Jury Testimony," filed on October 10, 2014 (CR165-184), and "Motion For Disclosure Of Grand Jury Testimony And/Or For In Camera Inspection Of Grand Jury Testimony And Exhibits And Production of Materials Relating To Governor Perry's Application For Writ Of Habeas Corpus And For All Exculpatory Materials And Impeaching Materials," filed on October 22, 2014 (CR185-200). Despite the passage of almost eleven months, these motions have not yet been taken ruled upon by the trial court and there is no rational, logical, legal reason that this Court should preclude the trial court from doing so.

3

At this time, there are several meritorious defensive motions pending in the trial court that, if ruled upon now, could dispose of the entire case, or at least expedite the ultimate resolution of this case. These motions include:

* Governor Perry's "Third Motion to Quash and Set Aside the Indictment," filed January 30, 2015, *see* Supplemental Clerks Record filed February 2, 2015 at 3-11, responding to the trial court's ruling of January 27, 2015 that it had serious, well-founded concerns regarding the sufficiency of both counts of the indictment. CR441-463.

* The State's "Bill of Particulars & Amendment of Indictment," filed February 3, 2015, *see* Supplemental Clerks Record filed March 2, 2015 at 3-12, also responding to the trial court's ruling of January 27, 2015.

* Governor Perry's "Objections to the State's Bill of Particulars & Amendment of Indictment and Supplemental Motion to Quash," filed February 23, 2015. *See* Supplemental Clerk's Record filed March 2, 2015 at 13-42.

* The State's two separate "responses" to Governor Perry's January 30, 2015, "Third Motion to Quash" and his February 23, 2015, "Objections to the State's Bill of Particulars & Amendment of Indictment and Supplemental Motion to Quash," both of which were filed April 17,

4

2015. *See* Supplemental Clerks Record filed April 27, 2015 at 3-69 and 70-94.

\* Governor Perry's "Consolidated Reply to the Prosecution's Pleadings of April 17, 2015," filed April 28, 2015. *See* Supplemental Clerks Record filed May 6, 2015 at 3-30.

None of these pleadings have been ruled upon by the trial court. There is no legitimate, legal reason for the State to ask this Court to prohibit the trial court from ruling upon the motions which have been pending for months and months. And there is no legitimate, legal reason for this Court to prohibit the trial court from ruling on these pending motions. If, for example, the trial court quashed Count I, the State could prosecute an appeal that would run simultaneously with the current appeal from the trial court's denial of his writ of habeas corpus. And as Governor Perry explained at the August 10, 2015, status hearing in the trial court, he does not ask the trial court to rule on his additional objections to Count II at this time, as that could certainly involve a needless consumption of the trial court's time.

These pleadings, pending since October 2014,[4] January 2015, February 2015, and April 2015, can and should be addressed by the trial court so that the case can progress to the point that once this Court resolves the pending petitions for

---

[4] *See* motions described in footnote 3, *infra*.

5

discretionary review, a trial, if actually necessary, could proceed without further undue delay. Putting all matters pending before the trial court on "hold" is, to the contrary, inconsistent with Governor Perry's right to a speedy trial. Indeed, there is already a presumption of prejudice because of the twelve-month delay that has transpired since the return of the indictment. *See e.g., Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992)(observing that "depending on the nature of the charges," "lower courts have generally found postaccusation delay `presumptively prejudicial' at least as it approaches one year"); *Zamorano v. State*, 84 S.W.3d 643, 649 n.26 (Tex. Crim. App. 2002)(citing *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) and observing that courts generally hold that any delay of eight months or longer is presumptively unreasonable and triggers speedy trial analysis). This Court should not interfere with the trial court's discretion to rule on pretrial motions and manage discovery while the important issues raised on appeal are being considered. Accordingly, the State's motion to stay should be denied.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Governor Perry respectfully prays that this Court deny the State's Motion to Stay Trial Court Proceedings.

Respectfully submitted,

6

THE BUZBEE LAW FIRM

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tbuzbee@txattorneys.com
Telephone:  713-223-5393
Facsimile:   713-223-5909

BAKER BOTTS L.L.P.

*/s/ Thomas R. Phillips*
Thomas R. Phillips
State Bar No. 00000102
San Jacinto Center
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
tom.phillips@bakerbotts.com
Telephone:  512-322-2565
Facsimile:   512-322-8363

BOTSFORD & ROARK
*/s/ David L. Botsford*
David L. Botsford
State Bar No. 02687950
1307 West Ave.
Austin, Texas 78701
dbotsford@aol.com
Telephone: 512-479-8030
Facsimile: 512-479-8040

## CERTIFICATE OF SERVICE

This is to certify that a true and complete copy of this document has been emailed to Michael McCrum at michael@McCrumlaw.com, David Gonzalez at david@sg-llp.com and to Lisa McMinn, State Prosecuting Attorney, at lisa.mcminn@spa.texas.gov on the same date it was electronically filed with the Clerk of the Court of Criminal Appeals.

*/s/ David L. Botsford*
David L. Botsford